**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-1836-MSK-PAC

RETREAT ON THE BLUE, LLC, a/k/a RETREAT ON THE BLUE, and
RETREAT ON THE BLUE CONDOMINIUM ASSOCIATION,
a/k/a RETREAT ON THE BLUE,

      Plaintiffs,

v.

TRUCK INSURANCE EXCHANGE,

      Defendant.

---

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

---

      Plaintiffs, Retreat on the Blue, LLC, a/k/a Retreat on the Blue, and Retreat on the Blue Condominium Association, a/k/a Retreat on the Blue (collectively referred to hereinafter as "Plaintiffs"), by and through their undersigned counsel, for their Amended Complaint against Defendant, Truck Insurance Exchange, state and allege as follows:

<u>**PARTIES**</u>

      1.    Retreat on the Blue, LLC, a/k/a Retreat on the Blue, is a Colorado limited liability company in good standing with the Colorado Secretary of State.  In accordance with its filings at the Colorado Secretary of State, Retreat on the Blue, LLC's principal place of business is located at 13 Mallard Lane, Frisco, Colorado 80443.

      2.    Retreat on the Blue Condominium Association, a/k/a Retreat on the Blue, is a Colorado non-profit corporation in good standing with the Colorado Secretary of State.  In

accordance with its filings at the Colorado Secretary of State, Retreat on the Blue Condominium Association's principal place of business is located at 204 Wildernest Road, Silverthorne, Colorado 80498.

3. Truck Insurance Exchange is a California insurance exchange company with its principal place of business located at 3041 Cochran Street, Simi Valley, California 93065.

## JURISDICTION

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendant are domiciled in different states and the amount in controversy exceeds $75,000.00.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391 because: 1) a substantial part of the events or omissions giving rise to Plaintiffs' claims, including Defendant's denial of insurance benefits and breach of contract, occurred in Colorado; and 2) a substantial part of the property that is the subject of this action is situated in Colorado.

## GENERAL ALLEGATIONS

6. Defendant issued Condominium Owners Policy Number 04597-25-93 (the "Policy") to Plaintiffs for the policy period from March 26, 2004 to March 26, 2005.

7. The Policy covers physical loss or damage to three residential condominium buildings located at 842 Blue River Parkway through 846 Blue River Parkway in Silverthorne, Colorado (the "Property").

8. One of the buildings within the Property is located at 846 Blue River Parkway in Silverthorne, Colorado and is known as Building C ("Building C").

9.      A fire protection sprinkler system was installed in Building C between January 2002 and May 2002.

10.      In April 2004, leaks occurred in the fire protection sprinkler system.  The leaks were repaired, and Plaintiffs submitted a claim for property damage under the Policy.  Defendant paid the claim under the Policy.

11.      On May 11, 2004, the entire fire sprinkler protection system in Building C failed, causing extensive water damage throughout Building C.  The fire sprinkler protection system had to be completely removed and replaced.  Significant remediation had to be performed to Building C, including repairing and replacing the drywall, carpeting, and fixtures as well as re-painting the interior of the building.  All nine of the condominium owners had to be moved out of their units, their furniture stored or replaced, and then returned to their units.  The repair and replacement of the damaged property was not completed until November 2004.

12.      Damage to the building and the condominium owners' property was repaired, replaced, and/or reimbursed at a total cost to Plaintiffs in excess of $750,000.

13.      Following the May 2004 catastrophic failure and leakage of the fire protection sprinkler system, Plaintiffs submitted a claim to Defendant under the Policy.

14.      Defendant denied coverage under the Policy and refused to pay any portion of Plaintiffs' claim.

## FIRST CLAIM FOR RELIEF
### (Request for Declaratory Judgment)

15.      Plaintiffs incorporate by reference paragraphs 1 through 14 above as if fully set forth herein.

16.      The Policy contains the following relevant language:

## **CONDOMINIUM PROPERTY COVERAGE FORM**

A.  COVERAGE

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

1.  COVERED PROPERTY

Covered Property, used in this policy, means they [sic] type of property as described in this section, A.1., and limited in A.2., Property Not Covered if a limit of insurance is shown in the Declarations for that type of property.
…

3.  COVERED CAUSE OF LOSS

Risks of Direct Physical Loss unless the loss is:

a. Excluded in Section B., Exclusions or
b. Limited in Paragraph **A.4.**, Limitations; that follow [sic]:
…

B.  EXCLUSIONS

(1)  We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
…

**f.  Water, Mudslide or Mudflow**

(1) We will not pay for loss or damage caused directly or indirectly by any of the following:

(a) Water, in any form; or
(b) Mudslide or mudflow;

Such loss or damage is excluded (including all resulting loss or damage, not limited to rust, wet or dry rot or fungi) regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**(2)   However, we will pay for loss or damage, not otherwise excluded, but not for any other resulting damage, caused by:**

**(a)   Sudden and accidental discharge or leakage of water or steam as a direct result of the breaking apart or cracking of any part of a system or appliance (other than a sump system including its related equipment and parts) containing water or steam. We will also pay the cost to tear out and replace any part of the building or structure to repair damage to the system or appliance from which the water or steam escapes.**

We will not pay the cost to repair any defect that caused the loss or damage; **but we will pay the cost to repair or replace damaged parts of fire extinguishing equipment if the damage:**

**(i)   Results in discharge of any substance from an automatic fire protection system;** or

(ii)   The loss or damage is caused by or results from the thawing of snow, sleet or ice on the building or structure." (emphasis added)

17.     The Policy also contains a "Condominium Association Unit Coverage Endorsement" that modifies the Policy to add the following to the definition of "Covered Property:"

Any of the following types of property contained within a residential unit:

(a)   Fixtures, improvements and alterations that are a part of the building or structure; and

(b)   Permanently installed appliances, such as those used for refrigerating, ventilating, cooking, dishwashing, laundering, security or housekeeping.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and F.R.C.P. 57, this Court has the power to declare the rights of Plaintiffs and the obligations of Defendant under the Policy.

19.     The damage to Building C caused by the May 2004 failure of the fire protection sprinkler system constitutes a "direct physical loss of or damage to Covered Property," which Defendant has agreed to pay and is not excluded by the Policy.

20.     Plaintiffs request that the Court issue a declaration of rights and interest under the Policy declaring that the Policy provides coverage for the damage sustained by Plaintiffs and for Plaintiffs' claim for insurance benefits under the Policy.

**SECOND CLAIM FOR RELIEF**
**(Breach of Insurance Contract)**

21.     Plaintiffs incorporate by reference paragraphs 1 through 20 above as if fully set forth herein.

22.     The Policy is a contract of insurance between Plaintiffs and Defendant.

23.     Plaintiffs paid a premium in the amount of $5,611.00 in exchange for a promise from Defendant that it would provide coverage and pay Plaintiffs for "direct physical loss of and damage to Covered Property" in accordance with the terms and provisions of the Policy.

24.     Although Defendant provided coverage under the Policy for the April 2004 leaks to the fire protection sprinkler system in Building C and paid Plaintiffs' claim for "direct physical loss of and damage to Covered Property," Defendant has denied coverage and failed to keep its promise to pay Plaintiffs for the loss and damage caused by the catastrophic failure of the fire protection sprinkler system in May 2004.

25.     Defendant has breached its contract of insurance with Plaintiffs by denying coverage and refusing to pay Plaintiffs the benefits to which they are entitled under the Policy.

### THIRD CLAIM FOR RELIEF
#### (Bad Faith Breach of Insurance Contract)

26.     Plaintiffs incorporate by reference paragraphs 1 through 25 above as if fully set forth herein.

27.     Pursuant to C.R.S. § 10-1-101, the public policy of the State of Colorado requires "… all persons having to do with insurance services to the public be at all times actuated by good faith in everything pertaining thereto, abstain from deceptive or misleading practices, and keep, observe and practice the principals of law and equity in all matters pertaining to such business."

28.     Defendant owes a duty of good faith and fair dealing to Plaintiffs pursuant to Colorado law, including the duty to fairly and equitably investigate and promptly pay Plaintiffs' insurance benefits claim.

29.     Defendant breached its duty of good faith and fair dealing by denying coverage and refusing to pay Plaintiffs any benefits under the Policy for the catastrophic failure of the fire protection sprinkler system in May 2004.

30.     Defendant's denial of coverage and refusal to pay Plaintiffs' claim were unreasonable under the circumstances.

31.     Defendant knowingly or recklessly disregarded the validity of Plaintiffs' claim in denying coverage and refusing to pay Plaintiffs' insurance benefits claim.

32.     As a proximate result of Defendant's breach of its duty of good faith and fair dealing as required by Colorado law, Plaintiffs have been deprived of benefits to which they are entitled under the Policy and have suffered other damages to be determined at the time of trial.

33.     Defendant's breach of its duty of good faith and fair dealing was willful, wanton, and in reckless disregard of Defendant's duties to Plaintiffs.

## JURY DEMAND

Plaintiffs demand a trial by jury of six on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Retreat on the Blue, LLC, a/k/a Retreat on the Blue, and Retreat on the Blue Condominium Association, a/k/a Retreat on the Blue, request declarations and judgments in their favor as follows:

A.     A declaration and judgment that the Policy provides coverage for the damage sustained by Plaintiffs and for Plaintiffs' claim for insurance benefits under the Policy;

B.     A declaration and judgment that Defendant has breached its insurance contract with Plaintiffs;

C.     A declaration and judgment that Defendant is obligated to pay and shall pay Plaintiffs for the damage sustained by Plaintiffs to Building C of the Property in the amount of the claim submitted by Plaintiffs to Defendant; and

D.     Judgment in favor of Plaintiffs and against Defendant for compensatory damages, exemplary damages, attorneys' fees, expert witness fees, costs, prejudgment interest, post judgment interest, all as provided for and allowed by law, and for such other and further relief the Court deems just and proper.

Respectfully submitted this 22nd day of September, 2006.


_____*s/ Stuart Pack*_____

Stuart Pack
Kara Veitch
Jessica Runyan Allen
ATTORNEYS FOR PLAINTIFFS
Isaacson Rosenbaum P.C.
633 17th Street, Suite 2200
Denver, Colorado 80202
Telephone:  (303) 292-5656
Facsimile:  (303) 292-3152
E-mail:   spack@ir-law.com; kveitch@ir-law.com;
jallen@ir-law.com

Plaintiffs' Address:
Post Office Box 5684
Frisco, CO  80443


## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on this 22nd day of September, 2006, I electronically filed the foregoing **AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES** with the Clerk of Court using the CM/ECF system and served via certified mail, return receipt requested, to the following addressee:

Ms. Cindy Silvius
Farmers New World Life
3500 North Nevada Avenue
Colorado Springs, CO  80907
*Registered Agent for Defendant,*
*Truck Insurance Company*


_____*s/ Jayne M. Wills*_____

Jayne M. Wills